UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HOME STATE COUNTY<br>INSURANCE COMPANY,<br>         Plaintiff,<br><br>     v.<br><br>LOGICORP ENTERPRISES, LLC,<br>ET AL.,<br><br>         Defendants. | CIVIL ACTION NO.<br><br>1:12-CV-1068-CAP |

### O R D E R

This action is before the court on three motions to exclude expert testimony [Doc. Nos. 254, 257, and 258] and a motion to strike the second amended report of Jeffrey Kidd [Doc. No. 296].

The court will consider the motions in limine under the standards of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) after an evidentiary hearing.  The hearing will be conducted in Courtroom 2307 beginning on August 20 2014, at 1:30 p.m. and continuing through August 22, 2014 at 5:00 p.m.  The parties are required to have the witnesses available to testify at the hearing.

The motion to strike the second amended report of Jeffrey Kidd [Doc. No. 296] relates to a change in an assumption Mr. Kidd made about the time

interval at which the data is recorded by the tractor trailer's electronic control module.  Rule 26(e) imposes a continuing duty to supplement expert disclosures.  It does not, however, give a party the right to completely rework its expert's opinions.  *See Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 662 (N.D. Ga. 2001) (Rule 26 does not bestow upon litigants unfettered freedom to rely on supplements produced after a court-imposed deadline, even if the rule's pretrial time limit is satisfied.  Rule 26 imposes a duty on parties; it grants them no right to produce information in a belated fashion).  The court finds that testimony from Mr. Kidd regarding the need to change his report and the basis for his initial error will be helpful in determining whether the amended report is a valid supplement or an attempt to shore up the reasoning underlying his opinions after the error was pointed out, which is not allowed by Rule 26(e).  Therefore, Mr. Kidd should be prepared to testify as to his reasoning underlying his initial report, the first amendment, and the second amendment.

    SO ORDERED, this <u>16th</u> day of July, 2014.

                                                <u>/s/ Charles A. Pannell, Jr.</u>
                                                CHARLES A. PANNELL, JR.
                                                United States District Judge