UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HOMESTATE COUNTY MUTUAL
INSURANCE COMPANY,

    Plaintiff,

    v.

LOGICORP ENTERPRISES, LLC, et
al.,

    Defendants.

CIVIL ACTION NO.

1:12-CV-1068-CAP

# O R D E R

This is an interpleader action by a trucker's liability insurer related to a multi-vehicle wreck that occurred on Interstate 85 southbound in Gwinnett County, Georgia.  It is before the court on a motion for partial summary judgment filed by the truck driver and his employer [Doc. No. 256].

## I. Factual Background

Truck driver Jesus Pruneda was employed by Logicorp Enterprises, LLC.  On June 17, 2011, Pruneda had picked up a load of Red Bull energy drink at a Carolina Beverage Group, LLC distribution center in Mooresville, N.C. and was transporting the load south on Interstate 85.

As Pruneda approached Atlanta, a vehicle containing Greg Forsyth and Billie Jean Ray stopped ahead of Pruneda because of traffic congestion. Pruneda's tractor-trailer collided with the Forsyth/Ray vehicle.  The chain of

collision continued up the line through four more vehicles.  Many of the individuals involved were injured.

Forsyth and Ray filed suit against Logicorp, Pruneda, and Home State Mutual Insurance Company, Logicorp's insurer.  Ultimately, Home State filed this interpleader action and paid $1,000,000, its policy limits, into the court's registry.  This court consolidated all the claims and cross claims into this action.

Logicorp and Pruneda have now filed a motion for partial summary judgment as to Forsyth and Ray's punitive damages claims [Doc. No. 256], as well as the claims based upon negligent hiring, training, supervision, retention, and entrustment.

## II. Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure authorizes summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The party seeking summary judgment bears the burden of demonstrating that no dispute as to any material fact exists.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 156 (1970); *Johnson v. Clifton*, 74 F.3d 1087, 1090 (11th Cir. 1996).  The moving party's burden is discharged merely by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support [an

essential element of] the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *Johnson*, 74 F.3d at 1090. Once the moving party has adequately supported its motion, the nonmovant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In deciding a motion for summary judgment, it is not the court's function to decide issues of material fact but to decide only whether there is such an issue to be tried. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251 (1986). The applicable substantive law will identify those facts that are material. *Id.* at 247. Facts that in good faith are disputed, but which do not resolve or affect the outcome of the case, will not preclude the entry of summary judgment as those facts are not material. *Id*. Genuine disputes are those by which the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* "Genuine" factual issues must have a real basis in the record. *See Matsushita*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no 'genuine issue for trial.'" *Id.* at 587 (citations omitted).

## III. Analysis

Logicorp and Pruneda argue that (1) the circumstances of the collision do not authorize punitive damages and (2) there is no evidence that Pruneda displayed a pattern or policy of dangerous driving that caused the collision. Additionally, Logicorp and Pruneda argue that there is no evidence to support an award of punitive damages under a negligent hiring, retention, training, supervision, or entrustment theory.  Finally, Logicorp argues that because it has stipulated that Pruneda was acting in the scope of his employment when the collision occurred, they are entitled to summary judgment on the negligent hiring, training, supervision, retention, and entrustment claims altogether.

### A. Punitive Damages Claims

Punitive damages are permitted in Georgia tort actions when "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."  O.C.G.A. § 51–12–5.1(b).

## 1. Operation of the Tractor-Trailer in Collision

Forsyth and Ray argue that Pruneda's falsification of his driver's logs for the time period surrounding the collision demonstrates that he intentionally concealed how long he had been on the road.  However, the evidence relevant to an award of punitive damages must be related to the alleged proximate cause of the collision.  *Highsmith v. Tractor Trailer Serv.*, No. 04–164, 2005 WL 6032882, *9, 2005 U.S. Dist. LEXIS 46156, *35 (N.D. Ga. November 21, 2005.)  There is no evidence that the collision was caused by Pruneda's fatigue or excessive of time on the road.  Therefore, his concealment of this information is not a relevant factor in the analysis regarding punitive damages.

The case cited by Forsyth and Ray on this issue does not support their argument.  In *J.B. Hunt v. Bentley*, 427 S.E.2d 499 (Ga. Ct. App. 1993), the Georgia Court of Appeals affirmed a trial court's decision to allow a claim for punitive damages against a trucking company to go to a jury when the driver's employer destroyed his logbooks.  The court found that the destruction of the information led to a presumption that the logbook showed that the driver was compelled by his employer to drive with insufficient rest. This presumption was important because the court also found that insufficient rest would be a contributing factor, or the cause, of the driver's

5

"sustained weaving from lane to lane, failing to slow the fully loaded tractor-trailer from 65 mph despite the warnings of construction ahead and, without braking to avert collision, plowing into a readily visible vehicle parked off the roadway." *Bentley*, 427 S.E.2d at 505. The driver in *Bentley* exhibited continuous swerving for ten to twenty miles. *Id.* There is nothing in the record of the instant case to indicate fatigue or excessive driving time is linked to the collision with the Forsyth/Ray vehicle. Therefore, even if Pruneda's destruction of the log sheets leads to the presumption that he was driving beyond an allowable period of time, that presumption, standing alone, is not sufficient to allow Forsyth and Ray to obtain punitive damages.

### 2.  Pattern of Dangerous Driving

Punitive damages in vehicle collision cases are available "where the collision resulted from a pattern or policy of dangerous driving." *Carter v. Spells,* 494 S.E.2d 279, 281 (Ga. Ct. App. 1997).  Furthermore, the conduct of the defendant in operating his vehicle must be egregious. *Frey v. Gainey Transp. Serv., Inc.*, No. 05–1493, 2006 WL 3734157, *3, 2006 U.S. Dist. LEXIS 90639, *7 (N.D. Ga. December 14, 2006); *Highsmith v. Tractor Trailer Service*, 2005 WL 6032882, *9, 2005 U.S. Dist. LEXIS 46156, *31 (N.D. Ga. May 13, 2010).  Punitive damages are not recoverable where the driver at fault simply violated a rule of the road. *Carter*, 494 S.E.2d at 218 (citing

*Bradford v. Xerox Corp.*, 453 S.E.2d 98 (Ga. Ct. App. 1994) (defendant's speeding did not warrant imposition of punitive damages absent evidence of other aggravating circumstances); *Coker v. Culter*, 431 S.E.2d 443 (Ga. Ct. App. 1993) (punitive damages not warranted even though defendant was speeding on wet roads, had consumed some alcohol, and behaved abominably after collision); *Cullen v. Novak*, 411 S.E.2d 331 (Ga. Ct. App. 1991) (careless running of red light not sufficient aggravating circumstance)).

Cases in which Georgia courts have held punitive damages to be recoverable include drunk driving circumstances and incidents where conduct surrounding the actual collision exhibited egregiousness. *See, e.g., Boyett v. Webster*, 482 S.E.2d 377 (Ga. Ct. App. 1996) (DUI in incident and on previous occasions); *Cheevers v. Clark*, 449 S.E.2d 528 (Ga. Ct. App. 1994) (drunk driving in incident at issue as well as subsequent arrests for drunk driving); *Holt v. Grinnell*, 441 S.E.2d 874 (Ga. Ct. App. 1994) (drunk driving); *Smith v. Tommy Roberts Trucking Co.*, 435 S.E.2d 54 (Ga. Ct. App. 1993) (a "policy" of excessive speed plus defendant struck plaintiff's vehicle twice and kept pushing); *Bentley*, 427 S.E.2d 499 (truck driver drove 20 miles despite knowledge of serious mechanical problem which caused collision); *Viau v. Fred Dean, Inc.*, 418 S.E.2d 604 (Ga. Ct. App. 1992) (drunk driving); *Day v.*

*Burnett,* 405 S.E.2d 316 (Ga. Ct. App. 1991) (driving under the influence and in violation of a number of traffic safety laws).

In this case, Forsyth and Ray have adduced evidence that Pruneda had an extensive history of moving violations.  However, the bulk of the violations relate to falsifying driver logs and driving with defective equipment.  There is no evidence that the collision was in any way related to defective equipment or excessive time on the road.  Therefore, those violations are not relevant in considering whether Pruneda had a pattern or policy of dangerous driving.  Likewise, there is no evidence that the collision at issue here was caused by exceeding the speed limit.  Therefore, the two speeding violations are likewise irrelevant.

Of the remaining violations, none involved alcohol.  Forsyth and Ray's expert in this case opined that the collision here occurred because Pruneda failed to maintain a proper lookout and was following too closely.[1]  There is evidence that Pruneda was cited in Florida for careless driving, specifically for failing to maintain safe stopping distance resulting in a collision.  However this incident occurred nearly two years prior to the collision at issue

---

[1] The court recognizes that the opinions of Jeffrey Kidd have been challenged through a *Daubert* motion, which will be decided after a hearing scheduled for August 20, 2014.  However, for purposes of this motion for summary judgment, the court will assume that Kidd's opinions are admissible.

in this case.  The Florida wreck is the only incident cited by Forsyth and Ray

that resembles the circumstances of the collision that is the subject of this

lawsuit.  This single incident is insufficient to show a pattern.  *See Ballard v.*

*Keen Transp., Inc.*, 2011 U.S. Dist. LEXIS 5487, *12  (S.D. Ga. Jan. 19, 2011).

Moreover, there is no evidence of any egregious conduct on the part of

Pruneda related to the collision involving Forsyth and Ray.  The non-movants

make much of the fact that Pruneda destroyed his driver's logs and

apparently substituted false records.  Actions taken after the collision cannot

be the proximate cause of the crash.  And, as set forth above, even presuming

that the destruction of the logs demonstrates that Pruneda was driving

longer than allowed when the collision occurred, the absence of evidence that

the collision was caused by fatigue or excessive driving time makes this

presumption irrelevant.

### 3. Negligent Hiring, Retention, and Supervision

A plaintiff can sustain a punitive damages claim for negligent hiring,

supervision, and retention "only by showing that an employer had actual

knowledge of numerous and serious violations on its driver's record, or, at the

very least, when the employer has flouted a legal duty to check a record

showing such violations."  *W. Indus., Inc. v. Poole*, 634 S.E.2d 118, 120–21

(Ga. Ct. App. 2006).  Forsyth and Ray contend that there is evidence for a

jury to reasonably conclude that Logicorp knew or, through reasonable care in obtaining Pruneda's driving record, should have known he was an unsafe driver.

Forsyth and Ray point to testimony to establish that Pruneda had prior traffic citations and a history of violations of Federal Motor Carrier Safety Regulations and that he was not eligible to be hired under Logicorp's own policy. However, with the exception of the single careless driving charge involving a rear-end collision, none of the past violations relate to the proximate cause of the collision that occurred here. Moreover, Pruneda's prior violations do not rise to the level of seriousness required to obtain punitive damages. *See Ballard*, 2011 WL 203378 at *5.

### 4. Negligent Entrustment

A claim for the negligent entrustment of a motor vehicle cannot succeed in the absence of a showing that an employer has "actual knowledge that the driver is incompetent or habitually reckless." *Poole*, 634 S.E.2d 118, 121 (Ga. Ct. App. 2006). Even assuming that Logicorp had complete knowledge of all the traffic citations and moving violations in Pruneda's history, there is an insufficient basis to impose punitive damages. Pruneda had a valid commercial driver's license at the time he was hired and when the collision occurred. The only incident in Pruneda's driving history that is related to the

alleged cause of the collision in this case is the careless driving conviction
from 2009.  This single incident is not enough to establish that the employer
here had knowledge that Pruneda was incompetent or habitually reckless.

### B. Negligence Claims Asserted Directly Against Logicorp

In cases alleging both respondeat superior and negligent hiring,
supervision, retention, training, and entrustment against an employer for the
acts of its driver where no punitive damages are sought, the Georgia Court of
Appeals has stated that a defendant employer's admission of liability under
respondeat superior establishes the liability link necessary to proceed against
the employer on its employee's negligence.   *Bartja v. Nat'l Union Fire Ins.
Co. of Pittsburgh, Pa.*, 463 S.E.2d 358, 361 (Ga. Ct. App. 1995).  This is so
because of the countervailing problems inherent in protecting the employee
from prejudicial evidence of his prior driving record and general character for
recklessness in driving while admitting the proof necessary for the negligent
entrustment case to proceed.  *Thomason v. Harper*, 289 S.E.2d 773, 777 (Ga.
Ct. App. 1982).

Logicorp has admitted that Pruneda was acting within the course and
scope of his employment at the time of the collision.  Logicorp, relying on its
arguments that punitive damages are precluded as to the negligent hiring,
supervision, retention, training, and entrustment, moves for summary on

these claims altogether.  In light of the court's determination that there is insufficient evidence to support a punitive damages claim under theories of negligent hiring, supervision, training, retention, and entrustment, Logicorp's admission that it is liable for any negligence of its employee entitles it to judgment as a matter of law on these claims in their entirety.

## IV. Conclusion

The motion for partial summary judgment by Logicorp and Pruneda [Doc. No. 256] is GRANTED.  Logicorp and Pruneda are entitled to judgment as a matter of law on Forsyth and Ray's claims for punitive damages. Logicorp is entitled to summary judgment as to Forsyth and Ray's claims for negligent hiring, training, supervision, retention, and entrustment.

There remains a pending motion for summary judgment.  Therefore, the parties' proposed consolidated pretrial order will be due 30 days after the court's ruling on the pending motion for summary judgment.

**SO ORDERED** this 22nd day of July, 2014.


/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge